## OHIO SUPREME COURT—Continued

No. 67
### WALTHER CONST. CO. v. UNION PAP. & T. CO.
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5014. Decided May 14, 1924. ·

**257 COMMISSIONS—Basis for full recovery of contingent upon full performance of conditions in contract where for repairing and reconstructing of building.**

A Motion to Certify, was overruled by Supreme Court, 2 Abs. 674.

VICKERY, P. J.

Epitomized Opinion
Published only in Ohio Law Abstract

The Walther Construction Co. brought action against the Union Paper & Twine Co. for recovery of 5% of cost of certain work done to building of latter. A written contract was made which by its provisions, the Walther Constr. Co. were not to exceed $131,000 expenditures in reconstructing building of the Paper & Twine Co. The Constr. Co. were to receive 10% of this cost; 5% to be withheld, in lieu of bond, until the reparing process had been completed. The work was accomplished at cost of $217,000, which was paid for by the Union Paper & Twine Co., together with 5% of that sum as commission. The Constr. Co. demanded additional 5%, and in the lower court the verdict was directed against them. In affirming the lower court, the Court of Appeals held that no evidence had been introduced into court explaining the difference in price, and therefore no basis was shown for recovery of extra commission.

Attorneys—Ralph Blue for Walther Co., and Scott and Bissell for Paper & Twine Co., all of Cleveland.

No. 68
### WATKINS et al v. PERLMUTTER
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5287. Decided Nov. 24, 1924.

**383. DEMANDS—Two must be deemed compensated so far as they equal each other.—Sec. 11321. GC.**

PER CURIAM

Epitomized Opinion
Published only in Ohio Law Abstract

Arthur Watkins had secured a judgment against Perlmutter in the Municipal Court of Cleveland; which he assigned to W. Watkins for a valuable consideration. Subsequently in an action instituted by him, Perlmutter obtained a judgment against Arthur Watkins.

Later W. Watkins, assignee, levied execution on Perlmutter who paid into the hands of the bailiff money, sufficient to cover the judgment and costs. Soon after, Perlmutter filed an affidavit in aid of execution attempting to hold the money in the hands of the bailiff for payment of his judgment against Arthur Watkins.

Aid proceedings were dismissed in the Municipal Court and Perlmutter filed an action in Common Pleas, asking the right to set off his judgment against the judgment assigned to W. Watkins; and enjoining the bailiff from paying funds to W. Watkins, assignee.

Common Pleas sustained Perlmutter's prayer and the Court of Appeals in affirming its judgment, held that Sec. 11321 GC. providing that, "Where cross demands have existed in which set off could have been set up, benefit cannot be extinguished by assignment"—controls this case.

Attorneys—Reasner and Wieber for Watkins; J. M. Namen for Perlmutter; all of Cleveland.

No. 69
### BOLOTIN-DRABKIN FURN. CO. v. WESTON
Ohio Appeals 7th Dist. Mahoning Co.
No.    . Decided Oct. 17, 1924.

**751 MASTER AND SERVANT—Employer held liable for wilful assault of collection agent.**

**355. DAMAGES—Only minor bruises inflicted on woman, $3,000 was reduced to $1500.**

POLLOCK, J.

Epitomized Opinion
Published only in Ohio Law Abstract

This was an action for personal injuries. The plaintiff claimed that she was struck by a collection agent of the furniture company. The company was engaged in the retail furniture business and sold most of its furniture on the installment plan. It employed a credit manager, whose duty it was to collect the delinquent installments and to supervise payments. As the plaintiff fell behind in her payments, the collector went to her house, and she claims he struck her during an altercation. There was no evidence of permanent injury, although the woman suffered some bruised spots on her back and had a doctor to see her on two or three occasions. The jury returned a verdict for plaintiff in the sum of $3,000. Error was prosecuted to the court of appeals, which in affirming the judgment, held:

1. An employer is liable for the wilful assault or malicious assault made by his employe, even though the assault was not to be anticipated in the work to be performed.

2. As the evidence indicated that the injuries received were very slight, a verdict of $3,000 for such injuries was excessive, and therefore a remittitur of $1500 is necessary.

Attorneys—L. L. George for Furniture Co., Fred J. Heim for Weston, all of Youngstown.